UNITED STATES DISTRICT COURT    O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| HECTOR RAMIREZ JR. § | |
| § | |
|     Petitioner § | CIVIL ACTION NO. L-09-4 |
| VS. § | CRIMINAL NO. L-07-759 |
| § | |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Hector Ramirez Jr.'s § 2255 Motion to Vacate, Set Aside or Correct Sentence. [Dkt. No. 1].[1] The Court has carefully reviewed all pertinent matters in this case. Based on this review and the application of governing legal authorities, the Court **DISMISSES** Ramirez's motion.

**I.    DISCUSSION**

    **A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), governs Ramirez's motion under 28 U.S.C. § 2255. Before the AEDPA, criminal defendants could file motions attacking their conviction and sentence under 28 U.S.C. § 2255 at any time. In contrast, after the AEDPA, movants under § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255.

Here, Ramirez collaterally attacks his criminal conviction for conspiracy to possess with intent to distribute in excess of 100 kilograms of marihuana and 5 kilograms of cocaine. [Dkt. No. 1, p. 1]. Ramirez contends that his motion is timely "because it was deposited into the U.S. mailbox at Bastrop FCI within one year of the judgment of conviction becoming final." [Dkt.

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings on case number L-09-cv-4. "Crim. Dkt. No." refers to the docket entries in criminal case number L-07-cr-759.

No. 1, p. 2]. The record reflects, however, that this contention is without merit. The one-year statute of limitations began to run on the date that Ramirez's conviction became final. His conviction became final on December 24, 2007 (10 days after judgment was entered on December 14, 2007). FED. R. APP. P. 4(b)(1)(A). On January 5, 2009, more than one year after his conviction became final, Petitioner filed this § 2255 motion. Consequently, contrary to his contention, Ramirez's motion is untimely. Even if the Court calculates the one-year limitations period from December 29, 2008, the date Ramirez signed his motion, it is still untimely. Absent tolling, Ramirez's claim is barred by limitations.

### B.     Equitable Tolling

The statute of limitations in § 2255 motions may be "equitably tolled in 'rare and exceptional circumstances.' " *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). Although Ramirez did not explicitly raise the issue of equitable tolling, his *pro se* pleadings are entitled to liberal construction. *See Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Therefore, the Court will consider whether equitable tolling is warranted.

Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon*, 259 F.3d at 407 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In other words, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The Fifth Circuit Court of

Appeals has held that, for equitable tolling to apply in the post-conviction context, the applicant must "diligently pursue relief because 'equity is not intended for those who sleep on their rights.' " *Id.* at 403; *see also Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)), *cert. denied*, 531 U.S. 1164 (2001)). The party seeking the benefits of equitable tolling bears the burden of showing that the doctrine applies. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, nothing indicates that Ramirez was actively misled as to the filing of this motion by either the government or by her his own counsel or that he was prevented in some extraordinary way from asserting his rights. In fact, the record reflects that as early as February 2008, Ramirez was contemplating further action as he requested various documents.

The Court is mindful of the effect a dismissal will have on Ramirez's ability to have his claims heard. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000). Given the unexplained delay in this case, however, Ramirez's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules Congress has provided. *See id.* The Court, therefore, concludes that equitable tolling will not save Ramirez's late-filed claims. Further, the Court finds that Ramirez's § 2255 motion is barred by the applicable one-year limitations period.

## II. CONCLUSION

It is clear from the face of Ramirez's motion, as well as the record as it currently stands, that Ramirez's motion under 28 U.S.C. § 2255 is barred by limitations. Accordingly, Ramirez's Motion to Correct, Vacate or Set Aside Sentenced is **DISMISSED**. Additionally, should Ramirez seek a certificate of appealability, such is **DENIED**.

IT IS SO ORDERED.

Done this 21st day of May, 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**