**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION** **O**

| | | |
|---|---|---|
| **HECTOR RAMIREZ JR.** | § | |
| | § | |
| **Petitioner** | § | **CIVIL ACTION NO. L-09-4** |
| **VS.** | § | **CRIMINAL NO. L-07-759** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Hector Ramirez Jr.'s § 2255 Motion to Alter or Amend Judgment. [Dkt. No. 5].[1] The Court has carefully reviewed all pertinent matters in this case. Based on this review and the application of governing legal authorities, the Court **GRANTS** Ramirez's motion to alter or amend judgment but concludes that Ramirez's § 2255 motion should be **DISMISSED with prejudice**.

## I. BACKGROUND

On May 22, 2007, a federal grand jury in Laredo, Texas returned a three-count indictment charging Ramirez and his codefendants with: (1) conspiracy with intent to distribute marihuana in excess of one hundred (100) kilograms and cocaine in excess of five (5) kilograms of cocaine, in violation of Title 21 United States Code, Sections 841(b)(1)(B) and 841(b)(1)(A); (2) conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(1)(A)(i); and (3) possession with intent to distribute five (5) or more kilograms of a mixture containing cocaine, a Schedule II controlled substance. [Cr. Dkt. No. 1]. On August 7, 2007, pursuant to a written plea agreement, Ramirez pled guilty as to

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings on case number L-09-cv-4. "Crim. Dkt. No." refers to the docket entries in criminal case number L-07-cr-759.

Count One for conspiracy with intent to distribute. [Min. Entry 8/7/2007]. Ramirez's plea agreement contained the following language:

> 7. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §§ 1651, 2241 and 2255.**

[Cr. Dkt. No. 128 at ¶ 7]. Ramirez and his defense counsel signed the plea agreement. [*Id*. at 11-12]. Additionally, Ramirez signed an addendum to his plea agreement, which stated as follows:

> I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

[Cr. Dkt. No. 129 at 2]. During his re-arraignment hearing before Magistrate Judge Adriana Arce-Flores, Ramirez stated under oath both that he reviewed and signed his plea agreement. [Cr. Dkt. No. 247 at 9]. After Judge Arce-Flores reiterated that Ramirez was waiving his right to appeal, Ramirez confirmed that he understood that by waiving his right to appeal he could no longer argue his case to another court. [*Id*. at 13]. Thereafter, Judge Arce-Flores explained Ramirez's rights pursuant to Federal Rule of Criminal Procedure 11. After the Government recited the factual basis of Ramirez's plea, Ramirez pled guilty. [*Id*. at 16-21].

On December 10, 2007, Ramirez appeared before this Court for sentencing. [Min. Entry 12/10/07]. The Court sentenced Ramirez to a term of 210 months, five years of supervised

release, a $100 special assessment fee, and a fine of $4,000. [*Id*.]. The Court subsequently entered judgment on December 14, 2007. [Cr. Dkt. No. 216].

On January 5, 2009, the Clerk received Ramirez's § 2255 motion and an accompanying memorandum of law. [Dkt. Nos. 1 & 2]. In his memorandum of law, Ramirez argues, first, that he did not effectively waive his right to collaterally attack his conviction or sentence. [Dkt. No. 2 at 7]. Second, Ramirez asserts that he received ineffective assistance of counsel because his counsel knew that he would receive a role enhancement. [*Id*. at 9]. Third, Ramirez contends that an adequate factual basis was not established for his guilty plea. [*Id*. at 11]. Fourth, Ramirez argues that the Court never explained the element of conspiracy to him. [*Id*. at 13]. Fifth, Ramirez contends that his counsel was ineffective in plea negotiations. [*Id*. at 14]. Sixth, Ramirez asserts that his guilty plea was fraudulently induced by the Government. [*Id*. at 16]. Seventh, Ramirez argues that he was denied due process and ineffective assistance of counsel at sentencing. [*Id*. at 18].

On May 21, 2009, the Court dismissed Ramirez's § 2255 motion, concluding his motion was not timely filed. Thereafter, Ramirez filed a Motion to Alter or Amend Judgment pursuant to Federal Rules of Civil Procedure 52 and 59, asserting that his motion was timely filed and requesting that the Court reach the merits of his § 2255 motion.

## II. DISCUSSION

### A. Timeliness of Ramirez's § 2255 Motion

On May 21, 2009, the Court dismissed Ramirez's § 2255 motion, finding that it was not filed in timely fashion. [Dkt. No. 4]. When a petitioner does not perfect an appeal, his conviction becomes final ten (10) days after entry of the judgment of conviction. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district

court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). This Court found that judgment in Ramirez's case became final on December 24, 2007. But judgment actually became final on December 31, 2007.[2] Since Ramirez filed his § 2255 motion on December 29, 2008,[3] it was timely and thus not barred by the one-year statute of limitations period. Accordingly, the Court **GRANTS** Ramirez's Motion to Alter or Amend the Court's May 21, 2009 Judgment and thus proceeds to address the merits of Ramirez's § 2255 motion. For the reasons stated below, Ramirez's motion is **DISMISSED with prejudice**.

**B. Standard for Relief Under 28 U.S.C. § 2255**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2255, PROC. R. 4.

---

[2] Federal Rule of Appellate Procedure 26(a)(2) provides that, when computing a period of time, "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." FED. R. APP. P. 25(a)(2). Accordingly, because judgment was entered on December 14, 2007, it became final on December 31, 2007.

[3] The Clerk received Ramirez's § 2255 motion on January 5, 2009. Ramirez's motion is deemed filed on December 29, 2008, however, the date Ramirez avers he placed his motion in the prison mailing system. *See* Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (providing that "[a] paper filed by an inmate . . . is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

**C. Validity of Ramirez's Plea**

**1. Whether Ramirez was fraudulently induced to enter his plea**

In this case, Ramirez argues that he was "fraudulently induced to enter the plea agreement[,]" because the government remained silent when the Magistrate Judge "led [Ramirez] to believe he could received a safety valve[.]" [Dkt. No. 1 at 4, 18]. Petitioner also contends as follows: "Had anyone told Ramirez it was even possible he would get more time for a role enhancement, he would not have pled guilty, and would have insisted on going to trial." [*Id*. at 18]. The Court therefore turns to address whether Petitioner's plea was voluntary and not otherwise caused by promises outside of the plea agreement.

"The voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988). If the plea was knowing, voluntary, and intelligent, a district court will uphold a guilty plea challenged in a habeas corpus proceeding. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Conversely, a guilty plea, if induced by improper promises, threats, deception, or misrepresentation, which deprive it of the character of a voluntary act, is void. *See Machibroda v. United States*, 368 U.S. 487, 493 (1962); *see also United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "[A] defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations [he] made in open court when entering [his] guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Here, the record reflects that Ramirez was not made any promises outside of his plea agreement. Ramirez has provided no evidence that anyone promised him he would receive

safety valve relief. Ramirez's plea agreement made no mention of any promised safety valve. Indeed, his plea agreement specifically stated that "[t]he United States does not make any promise or representation concerning what sentence the defendant will receive." [Cr. Dkt. No. 128 at ¶ 8]. Moreover, during Ramirez's rearraignment hearing, the Magistrate Court admonished Ramirez that the agreement was not binding on the District Court: "For all three of you I'll explain to you that this is only a recommendation that I make to the District Court. It is not binding on the Court." [Cr. Dkt. No. 247 at 13].

Furthermore, it is apparent that Ramirez's plea was informed and voluntary. During the Rule 11 plea colloquy, the Magistrate Court asked as follows: "Do both of you understand that that is the maximum possible penalty in this case, but because of the type of narcotic and the amount involved, each of you is facing the possibility of a minimum mandatory sentence, which means that that is what the Court has to impose, unless you qualify for the safety valve provisions under the guidelines." [*Id*. at 6]. Ramirez replied affirmatively. [*Id*.]. The Magistrate Court also asked as follows: "As stated in page [five] for [Petitioner], basically they're asking that the Court grant you acceptance. Of course, if you qualify for the safety valve provisions prior to sentencing, you may request that and that you be accountable for at least 50, but less than 150 kilos of cocaine. And you are, in fact, waiving your right to an appeal." [*Id*. at 11]. Thereafter, the Magistrate Judge asked Ramirez as follows: "Have either one of you been promised anything else aside from what I just read to you to get you to plea guilty today?" [*Id*. at 12]. Ramirez indicated that his plea was not based on other promises. [*Id*.]. The Court later mentioned the safety valve a second time: "I'll remind counsel that before you go forward with your plea -- before you're sentenced before the District Court, if you think you qualify for the safety valve provisions, that all of that be completed prior to your sentencing date." [*Id*. at 15].

Ramirez then expressed his wish to proceed with a plea of guilty. The mere fact that the Magistrate Judge mentioned safety valve, premised on qualification, does not elevate it to a promise. In light of Ramirez's representations during his rearraignment hearing, the Court concludes that his plea was knowing and voluntary.

**2. Whether the Magistrate Court failed to comply with the requirements of Rule 11**

Ramirez additionally argues that the Magistrate failed to explain the charge of "conspiracy". [Dkt. No. 1 at 13]. Rule 11 of the Federal Rules of Criminal Procedure governs the entry of guilty pleas and establishes certain procedures that courts must follow before accepting such pleas. FED. R. CRIM. P. 11. Specifically, a judge must address the defendant personally in open court to ensure that the defendant understands certain information, including the nature of the charge in relation to the facts of his case, as well as his rights as a criminal defendant. *United States v. Vonn*, 535 U.S. 55, 62 (2002); FED. R. CRIM. P. 11. Furthermore, the Court must "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." FED. R. CRIM. P. 11(b)(2).

Courts must be careful not to accept a plea of guilty unless made voluntarily after proper advice and with full understanding of the consequences. *See* FED. R. CRIM. P. 11; *Vonn*, 535 U.S. at 80 (citing *Kercheval v. United States*, 274 U.S. 220, 223 (1927)). The Fifth Circuit notes that compliance with the Rule 11 admonishments provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Vonn*, 535 U.S. at 78 (Stevens, J., concurring). Moreover, the requirement that a waiver be knowing and voluntary is not a requirement that a court ensure that

the defendant's knowledge is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea." *United States v. Boyd*, 3:06-cv-1365-H, 2007 WL 900949, at *4 (N.D. Tex. Mar. 23, 2007) (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002); *Gracia*, 983 F.2d at 627-28). "Although district courts are encouraged to track the language of Rule 11," deviations from the language of the rule do not result in a conclusion that the defendant was uninformed of his or her rights or that the plea was involuntarily or unknowingly entered. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). The Supreme Court has long held that guilty pleas are not to be overturned on collateral review for mere non-compliance with Rule 11. *See United States v. Timmreck*, 441 U.S. 780, 783-85 (1979). Even a "failure to advise the defendant of his right to appeal does not entitle" the defendant to collateral relief, unless he has suffered "prejudice from the omission." *See Peguero v. United States*, 526 U.S. 23, 24 (1999).

Any variance from Rule 11 is analyzed under a harmless error standard. *See* FED. R. CRIM. P. 11(h). Under the harmless error analysis, the Court determines whether (1) the court failed to comply with the rule during the plea colloquy; and (2) if so, whether this noncompliance affected the defendant's substantial rights such that knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty. *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (en banc). In other words, whether the Court's flawed compliance with Rule 11 "may reasonably be viewed as having been a material factor affecting [defendant]'s decision to plead guilty." *Id*. To obtain collateral review on a challenge to admonitions given under Rule 11, those who plead guilty must show "that the Rule 11 proceeding was inconsistent with the rudimentary demands of fair

procedure 'or constituted a complete miscarriage of justice.'" *Vonn*, 533 U.S. at 64 (quoting *Timmreck*, 441 U.S. at 783).

Under Rule 11(b)(1)(G), the nature of the pertinent charges must be explained to a defendant before his plea is accepted. FED. R. CRIM. P. 11(b)(1)(G). Courts must also determine that the defendant understands the same. *Id*. The Fifth Circuit has noted, however, that even if a charge is not explicitly explained to a petitioner, district courts may nonetheless find that the petitioner understood the charges against him. *See United States v. Coronado*, 554 F.2d 166, 173 (5th Cir. 1977) (finding no reversible error, despite the district court's failure to explain the charge of conspiracy, where the government "described meetings" between the defendants and his co-conspirators and the record as a whole made clear that the defendant "understood that the government intended to rely upon proof of these facts"). To ensure that the defendant understood the nature of the charge, the Fifth Circuit looks to evidence including the indictment, the plea agreement, and the attorney's indication that he reviewed the charges with the petitioner. *See United States v. Lujano-Perez*, 274 F.3d 219, 225 (5th Cir. 2001) (explaining that there must be evidence other than the facts stated to show that the petitioner understood the nature of the charge, i.e. the indictment, the plea agreement, and the attorney's indication that he reviewed the charges with the petitioner); *Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000) (finding the failure to explain nature of charge harmless because the indictment was read to the defendant, the defendant signed a plea agreement listing the elements of the charge, and the defendant's attorney reviewed the charges with the defendant); *United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999) (finding that failure to explain nature of charge was harmless because the indictment was read to the defendant, defendant's attorney stated that he had reviewed the indictment and charges with her, and that she understood them and voluntarily pleaded guilty).

In this case, while it is apparent that the Magistrate Court did not explain the charge of "conspiracy" to Ramirez, Ramirez understood the nature of the conspiracy charge against him. As an initial matter, Ramirez signed a plea agreement which detailed the elements of the conspiracy charge. [Cr. Dkt. No. 128]. Ramirez also signed an addendum to the plea agreement which indicated that he "read and carefully reviewed every part of this plea agreement with [his] attorney." [Cr. Dkt. No. 129 at 2]. Notwithstanding Ramirez's plea agreement, other facts demonstrate that Ramirez understood the charge. First, the record reflects that the Magistrate Court read the charge to Ramirez and next asked Ramirez as follows: "Mr. Ramirez, do you understand the charge that I read to you in count one, sir?" [Cr. Dkt. No. 247 at 5-6]. Ramirez replied affirmatively. [*Id*.]. Thereafter, the Government stated the facts related to the crimes charged. [*Id.* at 16-19]. In the course of reciting the factual basis of Ramirez's plea, the Government noted that Ramirez's co-defendant coordinated a meeting between Ramirez and a confidential informant. [*Id*.]. Among other facts, the Government also stated that, during this meeting, Ramirez discussed the transfer of narcotics and fees to be paid to the confidential informant. [*Id*.]. The Government additionally noted that Ramirez subsequently met with a co-defendant at a parking lot at Best Buy in Laredo, Texas, where the confidential informant was given two black duffel bags containing approximately 77 and a half kilos of cocaine, which were to be transported to Chicago, Illinois and Dallas, Texas. [*Id*. at 17]. The Magistrate Judge then asked Ramirez's counsel if any factual corrections were necessary. [*Id*. at 21]. Ramirez's counsel confirmed that no corrections were in order. [*Id*.]. In sum, the record reflects that Ramirez signed the plea agreement listing the elements of the charge; that the Magistrate Judge read the indictment to Ramirez; that Ramirez indicated he understood the charge read to him; that the Government recited the factual basis of the charge; and that Ramirez's counsel

confirmed that no factual corrections were necessary. It is apparent, therefore, that Ramirez understood the charge of "conspiracy" against him.

**D. Waiver of Right to Appeal and Collateral Attack**

Ramirez has alleged ineffective assistance of counsel, a wrong of constitutional proportion, which is proper in a motion under 28 U.S.C. § 2255. The Court must first determine, however, whether Ramirez's claim is foreclosed by the waiver of his right to collaterally attack his conviction and sentence. A defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary. *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997). A district court must determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544. A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence. *See Boyd*, 2007 WL 900949 at *3; *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires that special attention of the district court."). In limited circumstances, a defendant may plea around a waiver and claim ineffective assistance of counsel if he alleges that the waiver or the plea itself was tainted by counsel's ineffective assistance. *White*, 307 F.3d at 339-43.

A careful review of the record reveals no evidence that Ramirez's waiver of his right to collaterally attack his conviction under § 2255 was unknowing or involuntary. Importantly,

Ramirez does not assert that his waiver was not knowing or voluntary. Instead, Ramirez complains that the Magistrate Judge did not advise him specifically as to his waiver of his right to collaterally attack his sentence. Nonetheless, the record reflects that his waiver was knowing and voluntary. As previously noted, by signing the plea agreement, Ramirez acknowledged that he had reviewed it with counsel and understood its terms, including the provision in paragraph seven stating that he would not collaterally attack his conviction by means of any post-conviction proceeding, including § 2255. [Cr. Dkt. No. 128 at ¶ 7]. Also as previously noted, Ramirez signed an addendum to the plea agreement wherein he represented that that he consulted with his counsel and understood all his rights with respect to the indictment; that he read and reviewed every part of the plea agreement with his counsel; and, perhaps most importantly, that he understood the plea agreement and voluntarily agreed to its terms. [Cr. Dkt. No. 129 at 2]. Further, during his re-arraignment hearing, Ramirez affirmed under oath that he reviewed and signed his plea agreement. [Cr. Dkt. No. 247 at 9]. While the Magistrate Court did not specifically inform Ramirez that he could not collaterally attack his conviction, as it should have done under Federal Rule of Criminal Procedure 11(b)(1)(N), the Magistrate Court did reiterate that Ramirez could not appeal his conviction. [*Id*. at 11]. Indeed, Ramirez never expressed doubt or confusion as to the ramifications of his waiver. In sum, based upon the plain language of Ramirez's plea agreement and supplemental addendum, the Court concludes that Ramirez knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. *See Bond*, 414 F.3d at 544; *see also United States v. Wilkes*, 20 F.3d 651, 653-54 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

In light of Ramirez's waiver, it is apparent that some of Ramirez's claims are precluded from the Court's review. Ramirez asserts that "[t]he government offered the court no facts that

they could prove the seized questioned substance was in fact cocaine." [Dkt. No. 2 at 1]. This argument is precluded by Ramirez's waiver, however. But even if this assertion were not precluded by Ramirez's waiver of his right to collaterally attack his conviction and sentence, an attack on the sufficiency of the evidence to sustain a conviction is not a contention cognizable on a collateral motion under § 2255. *Forrester v. United States*, 465 F.2d 905, 907 (5th Cir.) (per curiam), *cert. denied*, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972) (citation omitted). Furthermore, Ramirez agreed that the substance was in fact cocaine. [Cr. Dkt. No. 128]. Finally, Ramirez also argues that he was "[d]enied Due Process and [e]ffective [a]ssistance of [c]ounsel at [s]entencing." [Dkt. No. 2 at 18]. Since this particular claim does not challenge the validity of Ramirez's plea or waiver, it also falls within the scope of his waiver and the Court is precluded from considering it. The Court now turns to address Ramirez's ineffective assistance of counsel claims that do not fall within the scope of his waiver.

**E. Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Moreover, "the right to counsel is the right to the effective assistance of counsel." *Id*. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). In order to merit post-conviction relief due to ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) that the petitioner suffered prejudice as a result. *Id*. at 687; *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See id*.; *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient

performance or actual prejudice is fatal to an ineffective assistance claim."). Thus, a court does not have to analyze both components of a claim of ineffective assistance of counsel if the movant has made an insufficient showing as to one prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

In the Fifth Circuit, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. Indeed, as noted by the Fifth Circuit in *White*, "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result." *Id*. at 344.

In this case, Ramirez asserts that he received ineffective assistance of counsel, in part, because his counsel knew that Ramirez would receive a role enhancement and "never once informed him of this sentencing exposure." [Dkt. No. 2 at 9]. Specifically, Ramirez contends that his counsel "never engaged in any meaningful plea negotiations whatsoever." [*Id*.]. Ramirez also argues that his counsel was ineffective in plea negotiations. [Dkt. No. 2 at 14]. With regard to a guilty plea, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quotations omitted) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). It follows that a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. (quotations omitted) (quoting *Hill*, 474 U.S. at 59).

Here, Ramirez cannot show that, but for his counsel's alleged errors, he would have pled not guilty and insisted on proceeding to trial. As previously discussed, Ramirez's decision to

plead guilty was informed and voluntary. The Magistrate Judge made clear to Ramirez the statutory minimum and maximum penalties. Indeed, Ramirez represented that he understood the penalty for his violation of Count One included a maximum term of life imprisonment. [Cr. Dkt. No. 247 at 6]. In the Fifth Circuit, it is well established that "[s]olemn declarations in open court carry a strong presumptions of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quotations omitted) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Further, Ramirez does not dispute that the role enhancement was properly applied. To the contrary, he appears to concede that it was inevitable.[4] Nonetheless, as noted, even if counsel did not specifically advise Ramirez as to the role enhancement, Ramirez was advised of the full range of punishment. For these reasons, Ramirez has failed to show that he would not have pled guilty and would have then proceeded to trial but for his counsel's performance. The Court therefore concludes that Ramirez cannot establish the prejudice requirement under *Strictland*.

## III. CONCLUSION

For the reasons stated, Ramirez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. Should Ramirez seek a certificate of appealability, such is **DENIED**.

IT IS SO ORDERED.

SIGNED this 29th day of June, 2009, in Laredo, TX.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

[4] "[A]ttorney knew, or should have known, that on the facts of this case, Ramirez was going to get a role-enhancement; that was a virtual certainty." [Dkt. No. 2 at 9].